

## IN THE CIRCUIT COURT OF CRITTENDEN COUNTY, ARKANSAS
## CIVIL DIVISION

RODNEY S. WILLISON and
REBECCA WILLISON, husband and wife;
and STEVEN REED                                                    **PLAINTIFFS**

V.                                        CASE NO. CU2012-285

DAVID PATRICIO and
LANDSTAR RANGER, INC.                                              **DEFENDANTS**

### COMPLAINT

COME NOW, Plaintiffs, Rodney S. Willison, Rebecca Willison and Steven Reed, husband and wife and Steven Reed, by and through their attorney, David L. Ethredge, and for and on behalf of their Complaint states to the Court as follows:

1.      That Plaintiffs, Rodney S. Willison, Rebecca Willison and Steven Reed are residents of Baxter County, Arkansas.

2.      That Separate Defendant, David Patricio, is a resident of Webb County, Texas (hereinafter referred to as "Patricio"); Separate Defendant, Landstar Ranger, Inc., is a Foreign Corporation in good standing (hereinafter referred to as "Landstar Ranger, Inc."); that this action takes rise from a collision that occurred in Crittenden County, Arkansas.

3.      That this Court is vested with the proper jurisdiction and venue to adjudicate this matter.

### COUNT I - FACTS

4.      That on the 20th day of June, 2009, Plaintiffs were traveling west on I-40, in West

Mer͏ h_is, Arkansas. The west bound lane was under construction and the road had been posted with an electronic message board alerting drivers that traffic may stop. Plaintiff's vehicle had slowed and was almost at a complete stop behind the vehicle in front of it.

5.  Patricio was driving a semi truck for Landstar Ranger, Inc. and was traveling behind Plaintiff's vehicle. Patricio failed to notice the construction warnings and the stopped traffic in front of him.

6.  Patricio slammed into the rear of Plaintiffs' vehicle with enough force to push it into the rear of the vehicle in front of it.

7.  Defendants' truck continued forward ramming the rear of Plaintiffs' vehicle a second time. Plaintiffs' vehicle suffered three separate impacts, as did the Plaintiffs themselves.

8.  That Patricio was cited for careless prohibited driving.

9.  That Patricio's negligence is the direct result of the Plaintiffs' damages as more specifically described herein.

10. That the Plaintiffs committed no negligent act or omission which in any way caused or contributed to the automobile accident described hereinabove.

## COUNT II

11. That Plaintiffs, Rodney S. Willison, Rebecca Willison, and Steven Reed restate each and every averment in paragraphs 1 through 10 above.

12. That Patricio is guilty of negligence which was the proximate cause of the above-described automobile collision, such negligent acts including but not limited to:

a)  Failure to yield right of way;

b)  Failure to keep his automobile under proper control;

    c)  Failure to keep a proper lookout;

    d)  Failure to use his brakes in a timely and appropriate manner;

    e)  Failure to give warning or sound his horn.

13.    These acts of negligence on the part of Patricio were the proximate cause of the injuries and damages sustained by Plaintiffs, Rodney S. Willison, Rebecca Willison and Steven Reed, as more specifically described herein.

14.    As a proximate result of the negligence of Patricio, Plaintiff Rodney S. Willison, sustained significant and substantial injuries, including but not limited to injuries to his neck, back, shoulders, arms, sides and knees.

15.    As a proximate result of the negligence of Patricio, Plaintiff Rebecca Willson, sustained significant and substantial injuries, including but not limited to injuries to his neck, back, and legs.

16.    As a proximate result of the negligence of Patricio, Plaintiff Steven Reed sustained significant and substantial injuries, including but not limited to injuries to his head, back, legs, and body spasms.

17.    As a proximate result of their injuries, Plaintiffs, Rodney S. Willison, Rebecca Willison and Steven Reed, have expended or obligated themselves to expend substantial sums of money for medical care and treatment in the past and will be required to expend or obligate themselves to expend substantial sums of money for medical care and treatment in the future due to the fact that their injuries are permanent in nature.

18.    That Plaintiffs, Rodney S. Willison, Rebecca Willison and Steven Reed, have experienced substantial pain, suffering and discomfort in the past and will continue to experience pain, suffering and discomfort in the future as a result of their injuries.

19. As a proximate result of the negligence of Patricio, Plaintiffs, Rodney S. Willison, Rebecca Willison and Steven Reed, have suffered a loss of life's enjoyment in the past and will continue to suffer such loss in the future as a result of their injuries.

20. As a proximate result of the negligence of Patricio, Plaintiffs, Rodney S. Willison, Rebecca Willison and Steven Reed, have suffered extreme mental anguish in the past, and will continue to suffer mental anguish in the future as a result of their injuries.

21. As a proximate result of the negligence of Patricio, Plaintiffs, Rodney S. Willison, Rebecca Willison and Steven Reed, have suffered a loss of income and will continue to suffer loss of income as a result of their injuries.

22. That Landstar Ranger, Inc. negligently entrusted the vehicle owned by them to Patricio.

WHEREFORE, Plaintiffs, Rodney S. Willison, Rebecca Willison and Steven Reed, pray that the Court find Defendant, David Patricio, guilty of negligence and Defendant, Landstar Ranger, Inc., guilty of negligent entrustment for Patricio's failure to yield the right of way, failure to keep his automobile under proper control, failure to keep a proper lookout, failure to use his brakes in a timely and appropriate manner and failure to give warning or sound his horn; and pray for judgment against Defendants for an amount to be determined at trial to compensate Plaintiffs for their injuries and damages they sustained in the accident, including but not limited to their past, present and future medical expenses; their past, present and future pain, suffering and discomfort; their past, present and future loss of life's enjoyment; their past, present and future mental anguish; their past, present and future loss of income; and further pray for costs, attorney's fees and all other relief to which Plaintiffs may be entitled.

**RESPECTFULLY SUBMITTED:**

**RODNEY S. WILLISON, REBECCA
WILLISON; and STEVEN REED**

By: _____
David L. Ethredge, (Bar #89156)
ATTORNEY FOR PLAINTIFFS
ETHREDGE & COPELAND, P.A.
119 E. 6th Street, P.O. Box 724
Mountain Home, AR 72654-0724
870-425-8636 / 870-425-9013 (fax)